UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - -x

ECF CASE

WAI LUN CHUI,
                              Plaintiff,

        - against -                                    COMPLAINT

PUBLICIS GROUPE S.A., LION RESOURCES INC,
MMS USA HOLDINGS, INC. and EPSILON DATA
MANAGEMENT LLC,                                        PLAINTIFF DEMANDS
                                                       A TRIAL BY JURY
                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, Wai Lun Chui ("Chui" or "plaintiff") , by and through his attorneys,

by way of his Complaint against Defendants Publicis Groupe S.A.("Publicis"), Lion Resources

Inc. ("Lion") , MMS USA Holdings, Inc. ("MMS"), and Epsilon Data Management LLC

("Epsilon")  (or "Publicis", "Lion", "MMS" and "Epsilon", collectively the "defendants")

alleges as follows:

## NATURE OF ACTION

1.  Plaintiff Wai Lun Chui brings this action against Defendants for wrongful

termination, discrimination, breach of contract, retaliation, and intentional misrepresentation.

The complaint arises out of Plaintiff's employment as a Cyber Security, Risk Management &

Compliance Professional and an (ISC)² Certified Information Systems Security Professional

(CISSP, Member ID: 559430, certification valid from Sept. 2016 to Sept. 2025) at Publicis

Groupe S.A., during which time Plaintiff, a Chinese Jewish Asian American, faced systematic

discrimination, retaliation, misrepresentation, and eventual wrongful termination

1

2.  At all relevant times, Plaintiff asserts that Defendants engaged in a continuous course of action of intentional misrepresentation and concealment regarding critical internal changes, including but not limited to the impact of Epsilon Data Management LLC's acquisition by Publicis Groupe S.A. on July 2, 2019, and the subsequent Deferred Prosecution Agreement (DPA) entered into by Epsilon on January 27, 2021, with the U.S. Department of Justice (DOJ) concerning charges of mail and wire fraud related to elder fraud schemes.

## THE PARTIES

3.  Plaintiff, Wai Lun Chui, is a Chinese Jewish Asian American individual was and is a resident of New York. Chui is an information security professional and was employed by Publicis Groupe S.A. and its subsidiaries as an Information Security Manager from August 8, 2016, to May 20, 2021.

4.  Defendant Publicis Groupe S.A. is a global marketing and public relations conglomerate headquartered in Paris, France, with significant operations in New York City. Publicis Groupe operates globally and promotes itself as a "Connecting Company" through its "Power of One" business model, integrating various agencies to deliver comprehensive services.

5.  Defendant Epsilon Data Management LLC is a subsidiary of Publicis Groupe involved in data management and marketing services. Epsilon entered into a Deferred Prosecution Agreement (DPA) with the Department of Justice on January 19, 2021, for conspiracy to commit mail and wire fraud related to elder fraud schemes. Plaintiff alleges that Epsilon misrepresented the integrity of its Business Continuity Management System (BCMS) during this time.

6.  Lion Resources Inc. and MMS USA Holdings Inc. are entities wholly owned by Publicis Groupe S.A., with operations domiciled in Delaware and New York, respectively.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and § 1332, as this action arises under federal law, including the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act, and the Sarbanes-Oxley and Dodd-Frank Acts.

8.  Venue is proper in this District under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this claim occurred in this District, and the Defendants conduct business in this District.

## FACTUAL ALLEGATIONS

Plaintiff's Employment with Publicis Group

9.  Plaintiff began working at Publicis Groupe on August 8, 2016, as an Information Security Manager and consistently received positive performance reviews and bonuses during his employment.

10.  Plaintiff was terminated, allegedly due to wrongful actions by the Defendants, including breaches of the company's Janus Global Service Level Agreement (SLA) and violations of the Employee Handbook.

## CAUSES OF ACTION

FIRST CAUSE OF ACTION

(Age Discrimination in Employment Act – ADEA)

11.    Defendants discriminated against Plaintiff based on his age (over 40) by creating a hostile work environment and terminating his employment in violation of the Age Discrimination in Employment Act.

12.    Plaintiff was the oldest in his work group with the highest seniority with exemplary work performance and evaluation.

13.    Plaintiff was terminated because of his higher age in order to achieve cost savings for the defendants.

SECOND CAUSE OF ACTION

(Title VII of the Civil Rights Act - National Origin, Race/Color Discrimination)

14.    At all relevant times, Defendants discriminated against Plaintiff based on his national origin, race, and color as a Chinese Jewish Asian American, creating a hostile work environment in violation of Title VII of the Civil Rights Act.

15.    Plaintiff is a practitioner of the Orthodox Jewish law observing the Sabbath law, a fact the defendants had knowledge but nevertheless required the Plaintiff to continue working through the Sabbath.

4

## THIRD CAUSE OF ACTION

(Retaliation under Title VII, Sarbanes-Oxley, and Dodd-Frank Acts)

16. On or about January 21, 2021, Plaintiff discussed with defendants Plaintiff's concern relating to the acquisition of defendant Epsilon by defendant Publicis, in particular that Plaintiff had discovered and knowledge that defendant Epsilon had entered into a Department of Justice Deferred Prosecution Agreement ( "DOJ DPA").

17. Plaintiff thereafter worked with Epsilon's personnel in which had to present work regarding Epsilon which were misrepresented and possible fraud.

18. Defendants retaliated against Plaintiff for raising concerns about workplace misconduct, including violations related to Epsilon's DOJ DPA, Janus Global SLA, and Employee Handbook policies, resulting in wrongful termination in violation of Title VII, Sarbanes-Oxley, and Dodd-Frank whistleblower protections.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

a. Compensatory damages, including back pay, lost bonuses, and other benefits.

b. Reinstatement or front pay in lieu thereof.

c. Punitive damages for willful violations of federal anti-discrimination laws and fraudulent misrepresentation.

5

d.  Injunctive relief to prevent further discriminatory and retaliatory practices.

e.  Attorneys' fees and costs.

f.  Any other relief the Court deems just and proper.

Dated: New York, New York
      September 5, 2024

Respectfully submitted,

Luk & Luk PLLC

By: /s/  Leon K. Luk, Esq.

_____

Attorneys for Plaintiff
254 Canal Street, Suite #2001
New York, New York 10013
(212) 219-8686

6