USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 7/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAI LUN CHUI,

Plaintiff,

-against-

PUBLICIS GROUPE S.A., LION RESOURCES INC, MMS USA HOLDINGS, INC. and EPSILON DATA MANAGEMENT,

Defendants.

24 Civ. 6767 (AT)

**OPINION AND ORDER**

ANALISA TORRES, District Judge:

Before the Court is Plaintiff, Wai Lun Chui's, motion for leave to file an amended complaint. *See* Mot., ECF No. 54; Mem., ECF No. 54-1; Prop. Am. Compl. ("PAC"), ECF No. 54-3;[1] Opp., ECF No. 56. For the reasons stated below, the motion is DENIED, and the case is DISMISSED.

## BACKGROUND[2]

Plaintiff is a former employee of Defendant, Publicis Groupe S.A. ("Publicis"), who worked for Publicis "and its subsidiaries" from 2016 through May 20, 2021. *See* Mot. to Dismiss Ord. at 2, ECF No. 51; *see also* Compl. ¶¶ 3, 4, 6, ECF No. 1. On September 6, 2024, Plaintiff filed this action against Defendants, alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, discrimination on the basis of race, national origin, and religion, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and retaliation in violation of Title VII, the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A, and the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 15 U.S.C. § 78u-6(h). *See* Compl. at 4–5.

[1] Plaintiff has filed his proposed amended complaint, an affidavit from his attorney, a copy of a prior order of this court, and a redline copy of the proposed complaint as one document on ECF. *See* ECF No. 54-3. The Court shall refer to the entire document as "PAC" and use the pagination of the PDF document at ECF No. 54-3 for citations.

[2] The Court presumes familiarity with the facts of this case and recounts them only as necessary for this decision. *See* ECF No. 51 at 2–3 (providing factual background in deciding Defendants' motion to dismiss).

On September 23, 2025, the Court dismissed Plaintiff's complaint for failure to exhaust his administrative remedies and for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), (b)(6). First, as to Plaintiff's claim under SOX, the Court noted that a plaintiff "must [] file a claim with the Occupational Safety and Health Administration ('OSHA') within 180 days of the alleged retaliatory action" for a Court to have jurisdiction to hear a SOX claim. *See* Mot to Dismiss Ord. at 4 (citing 18 U.S.C. § 1514A(h). The Court held that because Plaintiff did not allege "that he filed [any] claim before OSHA—let alone, a claim within 180 days of any alleged retaliatory action," the claim was time-barred and the Court lacked jurisdiction to review it. *See id.*; *see also Daly v. Citigroup Inc.*, 939 F.3d 415, 426, 428 (2d Cir. 2019) (explaining that administrative exhaustion under SOX is a jurisdictional requirement). On Plaintiff's Dodd-Frank claim, the Court held that Plaintiff had failed to plead that he had provided "information relating to a violation of the securities laws to the [Securities and Exchange] Commission" ("SEC"), a requirement for a Dodd-Frank whistleblower claim. Mot. to Dismiss Ord. at 11 (quoting *Digital Realty Tr., Inc. v. Somers*, 583 U.S. 149, 153 (2018)). Concerning Plaintiff's ADEA and Title VII claims, the Court noted that Plaintiff, by his own admission, had not timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and had not timely filed a complaint in this District after receiving his right-to-sue letter, and held that this action was not one of those "rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights" such that equitable tolling of these deadlines was warranted. *Id.* at 6 (quoting *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (cleaned up)). The Court then dismissed Plaintiff's ADEA and Title VII claims as untimely.

The Court also dismissed Plaintiff's ADEA and Title VII claims on the merits. *See id.* at 7. On the age discrimination claim, the Court found that Plaintiff had not alleged any facts supporting an inference of age discrimination; at best, he conclusorily asserted that he was fired to achieve "cost

savings" without providing the factual basis for this assertion or an inference that the need for cost savings was tied to his age. *Id.* at 8 (quoting Compl. ¶ 13). On the race, national origin, and religious discrimination claims under Title VII, the Court similarly concluded that the complaint lacked sufficient factual information to assert a claim. *See id.* at 9.

Plaintiff now moves for leave to amend the complaint, arguing that he filed an EEOC charge on July 16, 2021—within 180 days of his termination on May 21 of that year. Mem. at 5–6. Plaintiff's PAC includes: (1) additional factual allegations concerning Publicis' acquisition of Epsilon and Plaintiff's internal complaints regarding the acquisition, *see* PAC at 19–21; (2) a new retaliatory interference claim under the Employee Retirement Income and Securities Act ("ERISA"), *see id.* at 23; (3) new claims alleging discrimination on the basis of "age, religion, color, and origin" under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), *see id.* at 23–24; and (4) a new common-law claim for "[c]onstructive [f]raud / [n]egligent [m]isrepresentation," *see id.* at 24. The PAC does not contain any additional factual allegations concerning Plaintiff's age, religion, race, or national origin claims. *See* PAC at 19–22.

## LEGAL STANDARD

Under Rule 15, leave to amend should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a Court may deny leave to amend "upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)); *see also Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000). Because resolution of this motion ultimately turns on whether the PAC states a claim for relief, the Court assumes all allegations in the PAC are true and draws all reasonable inferences in Plaintiff's favor. *See 19 Recordings Ltd. v. Sony Music Ent.*, 165 F. Supp. 3d 156, 158 (S.D.N.Y. 2016).

**DISCUSSION**

Plaintiff's PAC does not remedy the deficiencies identified in the Court's prior order and does not set forth any facts rendering Plaintiff's new proposed claims plausible. The Court, therefore, concludes that amendment would be futile and denies leave to amend.

I. Sarbanes-Oxley Act Claim

Plaintiff's PAC removes his SOX claim, and the Court, therefore, deems it abandoned. *See* PAC at 32–35.

II. Federal Discrimination Claims

Plaintiff's PAC does not adduce any additional facts supporting a "minimal inference of discriminatory motivation," and leave to amend should be denied. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (citation omitted); *see* PAC at 19–21. The Court previously held that Plaintiff's allegation that he was terminated "to achieve cost savings" was insufficient to state a claim for age discrimination, *see* Mot. to Dismiss Ord. at 8, and that Plaintiff's allegations under Title VII did not support an inference of religious, race, or national origin discrimination, *see id.* at 9–10. *See Littlejohn v. City of N.Y.*, 795 F.3d 297, 312–13 (2d Cir. 2015). The PAC adds nothing whatsoever about age discrimination. *See* PAC at 19–21. Moreover, Plaintiff neither alleges that he requested a religious accommodation and such accommodation was denied, nor does he show, for example, that Defendants treated him unfavorably compared to someone outside of his protected classes or used discriminatory terms. *See* Mot. to Dismiss Ord. at 9–10; *Goldschmidt v. N.Y. State Affordable Hous. Corp.*, 380 F. Supp. 2d 303, 310–11 (S.D.N.Y. 2005); *Livingston v. City of New York*, 563 F. Supp. 3d 201, 220–22 (S.D.N.Y. 2021); *Littlejohn*, 795 F.3d at 312–13. Therefore,

Plaintiff's complaint does not remedy the deficiencies identified in the Court's prior order, and leave to amend to plead the Title VII and ADEA claims is denied.[3]

III. Dodd-Frank Claim

Dodd-Frank protects whistleblowers who have reported information about a securities violation "to the [SEC]." 15 U.S.C. § 78u-6(h)(1)(A)(i). Plaintiff's PAC states that he "reported potential securities and DOJ DPA violations which resulted in [his] termination," PAC at 23, but it does not specify whether Plaintiff reported the violations to the SEC and merely states elsewhere that Plaintiff reported his concerns internally. *See id.* at 20 ("Plaintiff warned management [of potential violations]."); Opp. at 7–8. Dodd-Frank whistleblower protections only apply to employees who report alleged violations to the government, rather than a company's internal management. *Digital Realty Tr.,* 583 U.S. at 161 ("Congress placed a government-reporting requirement in § 78u-6(h) . . . ."). The Dodd-Frank whistleblower claim is, therefore, not plausibly pleaded.

IV. Additional Claims

Plaintiff's PAC proposes to add claims for: (1) discrimination under the NYSHRL and NYCHRL; (2) violation of ERISA; and (3) constructive fraud or negligent misrepresentation under common law.

A. Discrimination – NYCHRL and NYCHRL

Courts "must analyze [NYSHRL and] NYCHRL claims separately and independently from any federal and state law claims," *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013), and must be mindful that these laws should be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible," *Albunio v. City*

[3] Plaintiff's claim for retaliation under Title VII is also not plausibly pleaded because he fails to allege that he engaged in protected activity under Title VII or that his termination was motivated by such activity. *See* PAC; *Littlejohn*, 795 F.3d at 315–16 (setting forth the standard for a retaliation claim under Title VII); *O'Brien v. City of N.Y. Dep't of Educ.*, 686 F. Supp. 3d 221, 243 (E.D.N.Y. 2023) (noting that protected activity under Title VII concerns opposing "any practice" made unlawful by Title VII).

*of New York*, 16 N.Y.3d 472, 477–78 (2011). Nonetheless, a plaintiff's allegations under either law must still be sufficient to "support[] an inference of discrimination." *Baptiste v. City Univ. of N.Y.*, 680 F. Supp. 3d 415, 422 (S.D.N.Y. 2023). The Court will analyze both claims under the "most lenient applicable liability standard"—that of the NYCHRL. *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 578 (S.D.N.Y. 2023).

To state a claim for discrimination under the NYCHRL, a Plaintiff must only "establish that [he] was . . . subject to an unfavorable employment change or treated less well than other employees on the basis of a protected characteristic." *Baptiste*, 680 F. Supp. 3d at 422 (citation omitted). The PAC does not meet this standard. As discussed above and in this Court's prior order, the PAC does not allege any facts showing that Plaintiff was treated "less well" than other employees because of a protected characteristic. At best, Plaintiff's PAC alleges that he was a member of certain protected classes and suffered an adverse employment action—but such "conclusory assertions" do not provide a plausible claim of discrimination, even under the NYCHRL's more lenient standard. *Id.* at 422; *see, e.g.*, *Harris v. City of N.Y. Dep't of Health & Mental Hygiene*, No. 24 Civ. 4348, 2026 WL 710201, at *19 (E.D.N.Y. Mar. 13, 2026) ("The NYSHRL and NYCHRL still require[] a showing of *some* evidence from which discriminatory . . . intent can be inferred." (emphasis in original) (internal quotation marks and citation omitted)).[4]

B. ERISA

The PAC adds a fourth cause of action for "[r]etaliatory [i]nterference" under ERISA § 510 and § 9501 of the American Rescue Plan Act of 2021 ("ARP"). PAC at 23. ARP § 9501 does not provide a right of action, and, therefore, such a claim fails. *See* Opp. at 13; Pub. L. No. 117-2, 135 Stat. 4, 128–37 (Mar. 11, 2021). ERISA § 510, however, makes it unlawful "to discharge, fine,

[4] Plaintiff's PAC also states "managers aided and abetted violations" of the NYSHRL. PAC at 23. Because the PAC provides no plausible claim for discrimination under the NYSHRL, there is no plausible claim for aiding and abetting discrimination. *See Farmer v. Shake Shack Enters.*, 473 F. Supp. 3d 309, 337 (S.D.N.Y. 2020).

suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ." 29 U.S.C. § 1140. Plaintiff's sole allegation is that "Defendants withheld COBRA subsidy to punish Plaintiff's legal complaints. [Employee Benefits Security Administration ("EBSA")] found violation." PAC at 23. This conclusory allegation is not supported by any facts in the PAC which suggest that Plaintiff "exercise[d]" any right under an employee benefit plan, or that Defendants discriminated against him because of exercising that right. 29 U.S.C. § 1140; *see Cohen v. Fed. Exp. Corp.*, 544 F. Supp. 2d 344–45 (S.D.N.Y. 2008), *aff'd,* 383 F. App'x 88 (2d Cir. 2010); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The proposed amendment, therefore, fails to state a claim.

C. Constructive Fraud and Negligent Misrepresentation

The PAC's seventh cause of action asserts a new claim for both constructive fraud and negligent misrepresentation under common law. Plaintiff fails to set forth facts supporting a plausible claim to relief under either theory. Constructive fraud under New York law requires: "(1) a fiduciary or confidential relationship between the parties; (2) a misrepresentation or omission of material fact; (3) which was made with the intention of inducing reliance; and (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Saltz v. First Frontier, LP*, 782 F. Supp. 2d 61, 82–83 (S.D.N.Y. 2010) (citing *Burrell v. State Farm & Cas. Co*., 226 F. Supp. 2d 427, 438 (S.D.N.Y. 2002), *aff'd*, 485 F. App'x 461 (2d Cir. 2012)). Negligent misrepresentation requires that the plaintiff allege that "(1) the parties stood in some special relationship imposing a duty of care on the defendant to render accurate information[;] (2) the defendant negligently provided incorrect

information[;] and (3) the plaintiff reasonably relied upon the information given." *Id.* (citing *DIMON Inc. v. Folium, Inc.*, 48 F. Supp. 2d 359, 373 (S.D.N.Y. 1999)).[5]

Both claims fail for similar reasons. First, Plaintiff does not allege that the parties entered into "a fiduciary or confidential relationship," or that there was some "special relationship imposing a duty of care on [Defendants]." *Id.* At best, the PAC alleges an employer-employee relationship between the parties. *See* PAC at 19. But "it is well-settled that the employer-employee relationship does not, on its own, create a fiduciary relationship." *Scanni v. N.Y. Life Ins. & Annuity Co.*, No. 21 Civ. 180, 2023 WL 2710921, at *7 (E.D.N.Y. Mar. 30, 2023) (internal quotation marks and citation omitted). Second, the PAC does not allege that Defendants provided Plaintiff with any incorrect or misleading information, nor does it allege that Defendants omitted material information in a communication to Plaintiff. *See generally* PAC. Although the PAC states that Plaintiff was concerned that Defendants were engaging in "fraud on government clients," any supposedly fraudulent representation made to a third party is immaterial to a fraud claim brought by Plaintiff. *Barnhart v. Federated Dep't Stores, Inc.*, No. 04 Civ. 3668, 2005 WL 549712, at *8 (S.D.N.Y. Mar. 8, 2005) ("The [c]omplaint instead alleges that the false statements were made to and relied upon by third parties, which cannot be the basis for a claim of fraud under New York law."); *see also Petroff Amshen LLP v. Alfa Rehab PT PC*, No. 19 Civ. 1861, 2020 WL 9209278, at *8 (E.D.N.Y. Dec. 14, 2020).[6] Therefore, the Court denies Plaintiff leave to add the proposed constructive fraud and negligent misrepresentation claims.

---

[5] A claim of fraud is also subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires that "the circumstances constituting fraud" be stated "with particularity."

[6] Plaintiff refers to the False Claims Act, 31 U.S.C. § 3279, and New York Labor Law § 740 in his memorandum. *See* Mem. at 6. Neither of these claims are listed in the PAC, and the Court will not consider these arguments.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend his complaint is DENIED. The Complaint at ECF No. 1 is DISMISSED with prejudice. *See* Mot to Dismiss Ord. at 12–13 ("In the event . . . the Court denies [a request for leave to amend the complaint], its dismissal . . . shall be with prejudice."). The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: July 23, 2026
New York, New York

ANALISA TORRES
United States District Judge